PATRICIAN PLASTIC CORP. et al., Appellants, v. BERNADEL REALTY CORP., Defendant, and AUTOMATIC FIRE ALARM COMPANY, Respondent. — Order of the Supreme Court, Queens County, dated August 8, 1967 and made on reargument, modified, on the law and the facts, by (1) striking out the following from the decretal paragraph thereof: " the original decision be and the same hereby is adhered to " and (2) substituting therefor the following: " the defendant Automatic Fire Alarm Company is directed to serve an answer to the amended complaint which shall not contain the defense of the Statute of Limitations within 20 days after service of a copy of the order hereon with notice of entry. " As so modified, order affirmed insofar as appealed from, without costs. This action was brought to recover damages for property injury allegedly caused, *inter alia,* by the negligence of defendants. The action was brought in the names of Patrician Plastic Corp. and Paragon Button Corp. as plaintiffs. The latter was a wholly-owned subsidary of the former. Each did its business at the premises where the damage occurred. During an examination before trial held by respondent it was discovered that title to a major portion of the damaged property might have been vested in a second wholly-owned subsidiary corporation, Patrician Button Corp. A motion was made by plaintiffs, through their attorney, to add the second subsidiary as a party plaintiff. Both defendants were duly served with the motion papers. Neither defendant offered any opposition to the motion. The motion was granted by order dated September 18, 1963. This was more than seven months prior to the expiration of the three-year Statute of Limitations. The order provided that a supplemental summons and amended complaint be served designating Patrician Button Corp. as an additional plaintiff. Defendants' attorneys were served with a copy of the order and an amended complaint by mail in October, 1963. A supplemental summons was not served. Defendant Bernadel Realty Corp. answered the amended complaint. Respondent did not serve an answer to the amended complaint and did not return the papers or make known that it had an objection thereto. Thereafter respondent concededly embarked on a course of conduct indicating that it felt it could not be deemed to have appeared in the action under the amended complaint. Defendant Bernadel Realty Corp. served a cross complaint under the amended complaint. Respondent insists that it only titled its answer to this cross complaint as if the two original plaintiffs were the only plaintiffs in the action. It also insists that when an examination before trial was held under the amended complaint it defaulted and did not appear even though its appearance is noted in the record. On the eve of trial, after the three-year Statute of Limitations had expired, respondent for the first time advised appellants that it considered the service of the amended complaint void because a supplemental summons had not been served. The court already having jurisdiction over respondent, there was no jurisdictional requirement that a supplemental summons be served upon respondent to add as a party plaintiff a corporation that voluntarily had appeared before the court and made the motion to be

added as a party plaintiff. No new claim was being made. What was sought was a permissive joinder of a third plaintiff to an already existing claim. We are of the opinion that, under the circumstances of this case, the service of the order on the motion and the service of the amended complaint upon the attorney for respondent was sufficient to add the additional plaintiff as a party to the action. Since this occurred long before the expiration of the three-year Statute of Limitations, respondent cannot avail itself of that defense. Respondent has not been prejudiced in a legal sense. Because of our view that the third plaintiff was added as a plaintiff prior to the expiration of the Statute of Limitations, we do not pass on the question of whether respondent appeared in the action after the amended complaint was served. It is our view, however, that even if service of the amended complaint was invalid a question of fact still remains whether any acts of respondent amounted to an appearance in the action under the amended complaint. A hearing would be necessary to determine this issue. Christ, Acting P. J., Brennan, Benjamin and Martuscello, JJ., concur; Munder, J., dissents and votes to affirm the order insofar as appealed from, on the ground that the failure of Patrician Button Corp. to serve a supplemental summons on respondent as directed by the court deprived the court of jurisdiction to determine the claim asserted by Patrician Button Corp. (CPLR 304). In my opinion a question of fact exists whether respondent voluntarily appeared; and a hearing should be had to determine this issue.